NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-13-0003525
09-MAR-2015
08:25 AM

NO. CAAP-13-0003525

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
KEITH S. MEWS, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 11-1-1457)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Defendant-Appellant Keith S. Mews (Mews) appeals from the August 23, 2013 Judgment of Conviction and Sentence entered by the Circuit Court of the First Circuit[1] (Circuit Court) for the offense of Robbery in the Second Degree, pursuant to Hawaii Revised Statutes (HRS) §§ 708-841(1)(a) and/or (1)(c) (2014), and sentencing him to an extended term of twenty years imprisonment.

After a careful review of the record, the issues raised and the arguments made by the parties, and the applicable authority, we resolve Mews's points on appeal[2] as follows and affirm.

1. The Circuit Court did not err in its instructions regarding identification. Mews argues that the Circuit Court erred in providing jury instructions that were insufficient, erroneous, inconsistent or misleading in light of the Hawaiʻi

---

[1] The Honorable Karen S.S. Ahn presided.

[2] Mews's Opening Brief fails to conform to the requirements set out in the Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 28. Specifically, with regard to a number of points in his Argument Mews fails to provide citations to parts of the record relied on. See HRAP Rule 28(b)(7). Counsel is warned that future violations of court rules may result in sanctions.

Supreme Court's decision in State v. Cabagbag, 127 Hawai'i 302, 277 P.3d 1027 (2012). Specifically, Mews argues that because he requested a "complete eye witness identification instruction" during the extended term sentencing trial, that the case was not "'currently pending on direct appeal' when Cabagbag was published and should not be evaluated by the rule then in effect." Mews states that because Cabagag should apply, he therefore is entitled to a new trial.

This argument is without merit. As the court made clear, Cabagbag was intended for prospective application only. State v. Cabinatan, 132 Hawai'i 63, 319 P.3d 1071 (2014). The jury was instructed and verdict was rendered in this case two months before the opinion in Cabagbag was issued and, in any event, did contain an instruction regarding identification.

Mews argues in the alternative that the "manner in which the show-up was conducted warranted a more specific instruction to guide the jury in assessing the identification evidence" than what was given by the Circuit Court. "Under the pre-Cabagbag standard, 'we must examine all aspects of the trial, including the opening statements, the cross-examination of prosecution witnesses, the arguments to the jury, and the general instructions given by the court, to determine whether the jury's attention was adequately drawn to the identification evidence.' Cabagbag, 127 Hawai'i at 317, 277 P.3d at 1042 (quoting [State v. ]Okumura, 78 Hawai'i [383,] 405, 894 P.2d [80,] 102)." Cabinatan, 132 Hawai'i at 76, 319 P.3d at 1084.

Here, the jury's attention was drawn to the issue of identification. The issue was discussed in *voir dire*, opening statements, during examination of witnesses and closing argument. In addition, the trial court did instruct the jury on identification and adequately informed the jury of the relevant factors it should consider such as the opportunity to observe, length of time elapsed after the observation, and "all other circumstances and evidence bearing upon the issue." We conclude it was not error to refuse Mews's proffered identification instruction. Okumura, 78 Hawai'i at 405, 894 P.2d at 102.

2.  There was sufficient evidence to support the jury's finding that imposing an extended term was necessary for the protection of the public.  The jury heard evidence of the offense, in which Mews struggled with an elderly woman over her purse and pulled her to the ground, resulting in multiple injuries including broken bones.  Evidence was presented that the victim was five feet tall, weighed 105 pounds and was born in 1934.  They were presented with a stipulation between the parties that Mews had committed nine felonies while an adult, between 1988 and 2004, including unauthorized control of a propelled vehicle, burglary, terroristic threatening, promoting a dangerous drug and unauthorized entry into a motor vehicle.  Taking the evidence in the light most favorable to the prosecution, there was substantial evidence supporting the jury's determination. State v. Grace, 107 Hawai'i 133, 139, 111 P.3d 28, 34 (App. 2005).

Therefore, the August 23, 2013 Judgment of Conviction and Sentence entered by the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, March 9, 2015.

On the briefs:

Keith S. Shigetomi
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

3